UNITED STATES DISTRICT COURT
EASTER DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARIM WADE** <br> 1135 S Ruby St <br> Philadelphia, PA 19143 <br><br> Plaintiff <br> v. <br><br> **CITY OF PHILADELPHIA d/b/a PHILADELPHIA DEPARTMENT OF PRISONS d/b/a DETENTION CENTER** <br> 8201 State Road <br> Philadelphia, PA 19136 <br><br> and <br><br> **MELVIN HARRIS** <br> In his official capacity as Deputy Warden for Detention Center <br> 8201 State Road <br> Philadelphia, PA 19136 <br><br> and <br><br> **OFFICER HARRISON** <br> Individually 8201 State Road <br> Philadelphia, PA 19136 <br><br> and <br><br> **JOHN DOES 1-10,** <br><br> Defendants. | Docket No. 2:25-CV-02063-MKC <br><br> **JURY TRIAL DEMANDED** |

# FIRST AMENDED CIVIL ACTION COMPLAINT

1. Plaintiff, Karim Wade, is an adult male, currently residing at the above listed address. At all times material, Plaintiff was incarcerated at Philadelphia Department of Prisons d/b/a Detentions Center.

2. Defendant, City of Philadelphia, d/b/a Philadelphia Department of Prisons d/b/a Detentions

Center ("DC"), is a prison that, at all times material herein, acted in its official capacity. The Philadelphia Department of Prisons is an agency of the City of Philadelphia.

3. Defendant, Melvin Harris ("Harris"), is an adult individual who, at all times material herein, acted in his official capacity as Warden for DC.

4. Defendant, Officer Harrison ("Harrison"), is an adult individual who, at all times material herein, was employed as Corrections Officer at DC. He is sued in his individual capacity.

5. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

6. Upon information and belief, jurisdiction is proper in this venue because Defendants are believed to have carried on regular, continuous, and substantial business in Philadelphia County.

**OPERATIVE FACTS**

7. The above paragraphs are incorporated herein by reference.

8. On or around August 30, 2023, Plaintiff was a pretrial detainee at DC. At all times material hereto, Plaintiff was under the custody and control of said facilities.

9. At all times material hereto, Plaintiff was housed in a dorm with several other inmates in a large housing block.

10. On or around August 30, 2023, Plaintiff was brought to court and after court returned to his dorm with other detainees and inmates.[1]

---

[1] Plaintiff does not know the housing status of every person on the block and hereinafter will be referring to other detainees and inmate he was housed with as "inmates."

11. While at his bunk bed, Plaintiff witnessed an inmate steal his bunkmate's shoes.

12. Plaintiff told his bunkmate that he needed to stand up for himself and to get his shoes back.

13. Plaintiff's bunkmate and several other inmates were not happy with what Plaintiff had said.

14. An unknown inmate then abruptly punched Plaintiff, causing Plaintiff's tooth to crack.

15. Following the attack, Plaintiff told Defendant Harrison and/or John Does that he was attacked, he was concerned for his safety and requested a transfer to a different housing block.

16. Defendant Harrison and/or John Does worked on the D block, level 1.

17. Instead of moving Plaintiff to a different housing block, Defendant Harrison and/or John Does moved Plaintiff to a different dorm on the housing block.

18. After being moved to a different dorm of the housing block, Plaintiff asked Defendant Harrison and/or John Does to move him to a different housing block because he could still be harmed.

19. The other inmates who previously attacked Plaintiff informed Defendant Harrison and/or John Does that if they did not move Plaintiff it "would be bad."

20. Plaintiff told Defendant Harrison and/or John Does that other inmates possessed knives and intended to harm him.

21. Plaintiff asked Defendant Harrison and/or John Does several times to be moved.

22. Defendant Harrison and/or John Does informed Plaintiff he could not move him until after inmate count.

23. Plaintiff's new dorm houses twenty to thirty inmates.

24. Plaintiff observed inmates in his new dorm and former dorm communicating via sign language.

25. During count, Plaintiff was attacked by one of the inmates in the new dorm.

26. Thereafter, Plaintiff was surrounded and beaten by twenty to thirty inmates for approximately 2 to 3 minutes before corrections officers intervened.

27. During the second attack, Plaintiff sustained severe injuries, including a broken jaw.

28. Plaintiff saw several inmate-made weapons on the ground after the battery.

29. Despite the immediate need for medical attention, Plaintiff was not taken to the hospital for at least three (3) hours.

30. Plaintiff also reported blood in his urine, indicating further serious injuries not immediately addressed by the facility.

31. Plaintiff was bailed out shortly thereafter.

32. On or about October 9th, Plaintiff underwent surgery at Jefferson Torresdale Hospital, where his jaw was repaired with the placement of two plates.

33. Despite Plaintiff's repeated requests to be moved to a safer location, he was told he could not be moved until after the inmate count. This delay directly resulted in Plaintiff being attacked a second time, exacerbating his injuries.

34. After the second attack, Plaintiff was finally moved to a different block while awaiting hospital transport, but continued to suffer from his injuries, waiting hours for medical attention and eventually being hospitalized.

35. As a result of the Defendants' failure to act upon Plaintiff's requests for safety and timely medical care, Plaintiff has suffered severe physical and emotional distress.

36. Upon information and belief, Defendant City of Philadelphia d/b/a Philadelphia Department of Prisons had a policy, practice, or custom of failing to train and supervise

employees on monitoring and re-housing detainees and inmates to prevent inmate-on-inmate conflicts.

37. Defendant Harris, in conjunction with the Philadelphia Department of Prisons Commissioner, are the final decisionmakers for Defendant City of Philadelphia d/b/a Philadelphia Department of Prisons.

38. Upon information and belief, Defendant Harris and the Prisons Commissioner knew or should have known that employees would be confronted with situations involving inmate-on-inmate conflicts and will be presented with a difficult choice in said situations.

39. As a result of aforesaid policy, practice, or custom, Plaintiff was rehoused in a dorm on the same block, resulting in him being battered a second time by other inmates.

40. Plaintiff continues to experience difficulties with chewing and has had to learn how to chew differently due to the permanent damage to his jaw.

41. Plaintiff now suffers from nightmares and ongoing pain, a direct consequence of the Defendants' negligence and indifference to his safety and medical needs.

42. Plaintiff has suffered and continues to suffer severe physical and emotional distress as a result of Defendants' conduct.

43. Plaintiff continues to have issues with his jaw, and it does not properly function the same as before the incident. Plaintiff still suffers from intermittent pain and his jaw still locks.

## COUNT I
### VIOLATION-FAILURE TO PROVIDE MEDICAL CARE/FAILURE TO PROTECT/FAILURE TO KEEP SAFE/ CRUEL AND UNUSUAL PUNISHMENT/DELIBERATE INDIFFERENCE
*VIOLATIONS OF THE 14th AMENDMENT*
**Plaintiff v. Defendants Officer Harrison and John Does**

44. The above paragraphs are incorporated herein by reference.

45. Defendants failed to properly provide a safe environment for Plaintiff.

46. Defendants failed to protect and provide the appropriate medical care to Plaintiff.

47. Defendants were deliberately indifferent to the constitutional rights of Plaintiff.

48. Defendants' actions stated above, inter alia, were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

49. Defendants caused Plaintiff to suffer cruel and unusual punishment in violation of the Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

### COUNT II
### MONELL
**Plaintiff v. Defendants City of Philadelphia d/b/a Philadelphia Department of Prisons and Harris**

50. The foregoing paragraphs are hereby incorporated herein by reference.

51. Defendants had a policy of treating inmates in an inhumane and dangerous manner.

52. Upon information and belief, Defendant City of Philadelphia d/b/a Philadelphia Department of Prisons had a policy, practice, or custom of failing to train and supervise employees on monitoring and re-housing detainees and inmates to prevent inmate-on-inmate conflicts.

53. Defendant Harris, in conjunction with the City of Philadelphia d/b/a Philadelphia Department of Prisons Commissioner, are the final decisionmakers for Defendant Philadelphia Department of Prisons.

54. Upon information and belief, Defendant Harris and the Prisons Commissioner knew or should have known that employees would be confronted with situations involving inmate-on-inmate conflicts and will be presented with a difficult choice in said situations.

55. Plaintiff suffered harm due to the Defendants' conduct.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

                                          **WEISBERG LAW**

                                    /s/ David A. Berlin
                                    David A. Berlin, Esquire
                                    Matthew B. Weisberg, Esquire
                                    Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KARIM WADE | : | Docket No. 2:25-CV-02063-MKC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA DEPT. OF PRISONS | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, David A. Berlin, Esquire, hereby certify that on this 23rd day of May 2025, a true and correct copy of the foregoing First Amended Complaint was served via e-filing on all counsel of record:

Dorothy Hayes
City of Philadelphia Law Department
14th Floor
1515 Arch Street
Philadelphia, PA 19102

                                          **WEISBERG LAW**

                                          */s/ David A. Berlin*
                                          David A. Berlin, Esquire
                                          *Attorney for Plaintiff*